IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES WESTBROOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| DALLAS COUNTY, TEXAS; JESSE | § | No. 3:16-cv-1802-B |
| FLORES, Dallas County Sheriff's | § | |
| Executive Chief, in His Individual and | § | |
| Official Capacity; and DALLAS | § | |
| COUNTY SHERIFF DEPARTMENT'S | § | |
| CIVIL SERVICE COMMISSION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER[1]

Defendant Chief Deputy Jesse Flores ("Chief Flores"), sued in his individual capacity, has filed a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c), asking the Court to enter a protective order excusing him from answering the interrogatories discovery served on him by Plaintiff James Westbrook on October 20, 20161 and from any other discovery requests directed to him by Plaintiff until further order of the Court. *See* Dkt. No. 21 (the "MPO").

United States District Judge Jane J. Boyle referred the MPO to the undersigned

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

United States magistrate judge for hearing, if necessary, and determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 27.

Plaintiff has not filed a response, and his time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(e).

For the reasons and to the extent explained below, the Court GRANTS Chief Flores's Motion for Protective Order [Dkt. No. 21].

## Background

As the MPO explains, "[t]his civil rights action was filed on June 27, 2016 against [Chief Flores], in his individual and official capacity, and against Dallas County. Plaintiff alleges a violation of his right under the First Amendment of the United States Constitution – his free speech rights – for which he seeks to hold the Chief and Dallas County liable under 42 U.S.C. §1983." Dkt. No. 21 at 1.

"Chief Flores filed his original answer on July 19, 2016 (doc. 9), in which he asserted his right to qualified immunity." *Id.* at 1-2. "Chief Flores's assertion of qualified immunity, from suit and trial, is the basis for this" MPO. *Id.*

Chief Flores asserts that he has shown good cause under Rule 26(c) for his requested protected order based on his "invocation of qualified immunity, at least so long as that defense is pending and unresolved by this Court." *Id.* at 2.

## Legal Standards

"Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). In an individual-capacity suit, "the official may assert

personal immunity defenses such as qualified immunity." *Id.* (internal quotation marks omitted). "Qualified immunity protects 'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011); internal quotation marks omitted).

"[Q]ualified immunity constitutes an immunity from suit rather than a mere defense to liability. Accordingly, [q]ualified immunity questions should be resolved at the earliest possible stage in litigation, usually before discovery." *Randle v. Lockwood*, No. 16-50393, 2016 WL 6652702, at *2 (5th Cir. Nov. 10, 2016) (citations and internal quotation marks omitted; emphasis removed).

"The two steps of the qualified immunity inquiry may be performed in any order." *Griggs v. Brewer*, 841 F.3d 308, 313 (5th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). Regardless of which prong is addressed first, under the first prong, a court must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). And, under the second prong, the court must determine "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the

-3-

incident." *Id.* That is, even if a government official's conduct violates a clearly established right, the official is entitled to immunity if his conduct was objectively reasonable. *See Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008); *see also Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) ("The dispositive inquiry, we have said, is whether it would have been clear to a reasonable officer in the [defendants'] position that their conduct was unlawful in the situation they confronted." (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (internal quotation marks and brackets omitted from original)).

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)).

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Therefore, where the qualified immunity defense is raised, a court "must first determine whether the allegations in [the] complaint are sufficient to negate [the] assertions of qualified immunity." *Fleming v. Tunica County*, 497 F. App'x 381, 388 (5th Cir. 2012) (per curiam) (citing *Backe*, 691 F.3d at 648; *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)). This "demands more than bald allegations and

conclusionary statements." *Wicks*, 41 F.3d at 995. A plaintiff "must allege facts specifically focusing on the conduct of [the defendant] which caused his injury." *Id.*

"Even limited discovery on the issue of qualified immunity 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Thayer v. Adams*, 364 F. App'x 883, 892 (5th Cir. 2010) (quoting *Wicks*, 41 F.3d at 994)). And, even if a plaintiff satisfies this heightened pleading standard, the only discovery permitted at this stage – after a defendant has invoked the qualified immunity affirmative defense and before the defense has been resolved – must be narrowly tailored to uncover facts that the court needs to rule on the defense itself. *See id.* at 994 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987)); *accord Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 291 n.7 (5th Cir. 2015); *Backe*, 691 F.3d at 648 ("*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Lion Boulos*, 834 F.2d at 507-08)); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) ("[I]f the actions [that a defendant official] claims he took are different from those the [plaintiff] allege[s] ... then discovery may be necessary before [the official]'s motion for summary judgment on qualified immunity grounds can be resolved."); *Watkins v. Hawley*, 4:12-cv-54-KS-MTP, 2013 WL 3357703, at *1 (S.D. Miss. July 3, 2013) ("While qualified immunity was intended to shield a defendant from the burdens of litigation, it does not shield defendants from discovery when there are genuine disputes of

material fact which are relevant to the application of qualified immunity." (citing *Behrens v. Pelletier*, 516 U.S. 299, 307-08 (1996))).

The discovery narrowly tailored to uncover only those facts needed to rule on the immunity claim is only permitted if (1) a defendant's immunity claim turns at least partially on a factual question and (2) a court is unable to rule on the immunity defense without further clarification of the facts. *See Lion Boulos*, 834 F.2d at 507-08; *see also Randle*, 2016 WL 6652702, at *3 n.6; *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) ("A district court's discovery order is neither avoidable nor overly broad, and therefore not immediately appealable, when: (1) the defendant's entitlement to immunity turns at least partially on a factual question; (2) the district court is unable to rule on the immunity defense without clarification of these facts; and (3) the discovery order is narrowly tailored to uncover only the facts necessary to rule on the immunity defense."); *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 861 (S.D. Tex. 2014) ("The Fifth Circuit['s] ... careful procedure [allows] a district court [to] defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.").

As recently summarized succinctly by the United States Court of Appeals for the Fifth Circuit, the "careful procedure" set forth in *Backe, Wicks,* and *Lion Boulos* requires the district court to first make an initial determination that Plaintiffs' allegations, if true, would defeat qualified immunity and then to "identify any questions of fact it need[s] to resolve before it [is] able to determine whether the defendants were entitled to qualified immunity." *Zapata v. Melson*, 750 F.3d 481, 485

(5th Cir. 2014); *see Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (in turn quoting *Lion Boulos*, 834 F.2d at 507-08))); *cf. Zantiz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("conclud[ing] that the magistrate judge abused his discretion in issuing a discovery order that did not perform either of the steps described in *Zapata*"); *Webb*, 618 F. App'x at 206 ("When a district court complies with this procedure, [the Fifth Circuit] lacks jurisdiction to review the interlocutory [discovery] order. However, the court [of appeals] does have jurisdiction if the district court: (1) fails to find that the complaint overcomes the defendant's qualified immunity defense; (2) refuses to rule on the qualified immunity defense; or (3) issues a discovery order that is not narrowly tailored to uncover facts relevant only to the issue of qualified immunity." (citations omitted)).

Only if the court identifies any such facts may the court properly issue "a discovery order that is ... narrowly tailored to uncover facts relevant only to the issue of qualified immunity." *Webb*, 618 F. App'x at 206; *see also Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

**Analysis**

Chief Flores has invoked qualified immunity, *see* Dkt. No. 9 at 2-3, and "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery,

which is costly, time-consuming, and intrusive," *Backe*, 691 F.3d at 648. A stay of discovery "is common when a court is considering an immunity defense." *Goins v. City of Sansom Park*, 637 F. App'x 838, 839 (5th Cir. 2016).

Chief Flores has not filed a dispositive motion addressing his qualified immunity defense, but "filing a motion to dismiss is not required before a defendant can assert qualified immunity as a defense to a discovery order." *Zantiz*, 602 F. App'x at 162 n.7 (noting that "a district court need not rule on a motion to dismiss based on qualified immunity before issuing a discovery order" (citing *Wicks*, 41 F.3d at 997 n.27)). Having raised the defense in his answer, Chief Flores can properly file this motion seeking a protective order from any discovery requests pending the Court's resolution of his defense.

In light of the Fifth Circuit's "careful procedure" to authorize only limited discovery – if any – that is narrowly tailored to uncover only those facts needed to rule on a qualified immunity defense and only after (1) "determin[ing] that the plaintiffs' allegations, if true, would defeat qualified immunity" and (2) identifying the questions of fact that must be resolved before being "able to determine whether the defendants [are] entitled to qualified immunity," *Zapata*, 750 F.3d at 485, all discovery served or to be served on Chief Flores should be stayed pending further order of the Court on his qualified immunity defense.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Chief Flores's Motion for Protective Order [Dkt. No. 21] and ORDERS that Chief Flores is

excused from answering the interrogatories served on him on October 20, 2016 as well as any other discovery request that Plaintiff might direct to him, until further order of this Court.

SO ORDERED.

DATED: December 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE