IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WESTBROOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| DALLAS COUNTY, TEXAS; JESSE | § | No. 3:16-cv-1802-B |
| FLORES, Dallas County Sheriff's | § | |
| Executive Chief, in His Individual and | § | |
| Official Capacity; and DALLAS | § | |
| COUNTY SHERIFF DEPARTMENT'S | § | |
| CIVIL SERVICE COMMISSION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Westbrook has filed a Motion for Sanctions for Violation of Mediation Order, *see* Dkt. No. 40 (the "Sanctions Motion"), which United States District Judge Jane J. Boyle has referred to the undersigned United States Magistrate Judge for hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b), *see* Dkt. No. 41. Defendants Dallas County, Jesse Flores, Chief Executive Officer, and Dallas County Sheriff's Department filed a response, *see* Dkt. No. 47, and Plaintiff filed a reply, *see* Dkt. No. 48.

The Court GRANTS in part and DENIES in part Plaintiff's Motion for Sanctions for Violation of Mediation Order [Dkt. No. 40] for the reasons and to the extent explained below. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a

motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motion should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

**Background**

On August 16, 2016, Judge Boyle entered a scheduling order that, among other things, required the parties to file a Joint Report informing the court of their choice of an agreed-upon mediator by September 20, 2016. *See* Dkt. No. 16. The parties selected Kathy Fragnoli, Burdin Mediation, as the mediator. *See* Dkt. No. 19.

Judge Boyle then entered a Mediation Order, which provided that

> [t]he named parties shall be present during the entire mediation process and each party which is not a natural person must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, *i.e.*, not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented). Counsel and the parties shall proceed in a good faith effort to try to resolve this case. Following the mediation, the court will be advised only that the case did or did not settle. Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled.

Dkt. No. 20 at 1-2. The Mediation Order further advised that "[f]ailure to comply in good faith with the requirements of this order may result in the imposition of

sanctions. *See* Fed. R. Civ. P. 16(f)." *Id.* at 2.

The deadline to complete mediation was April 14, 2017. *See* Dkt. Nos. 16, 20.

The parties agreed to mediate the case on February 15, 2017. *See* Dkt. No. 40-1 at 4. Burdin Mediations sent a Notice of Scheduled Mediation Conference to Plaintiff's counsel on October 6, 2016. *See* Dkt. No. 40-2. Defendants' counsel was copied on the letter. *See id.*

Ms. Fragnoli sent a letter to counsel for both parties on January 24, 2017 "asking each of you to evaluate the case at this time and let me know if there is any reason why we might not be able to proceed with the mediation as scheduled on 02/15/17." "For example: ... [h]as your client/representative confirmed their availability for the mediation?" ...[h]ave all necessary participants been notified of the mediation? ... [and] [h]as the mediation been entered on your calendar?" Dkt. No. 40-3 at 3-4.

On February 15, 2017, Plaintiff, Plaintiff's counsel, and the mediator appeared for mediation, but Defendants and their counsel did not. The mediator eventually reached Defendants' counsel, who admitted that she was unaware of the mediation and did not have the mediation on her calendar. The mediator and the parties agreed to reschedule the mediation for February 17, 2017.

On returning to her office on February 15, 2017, Plaintiff's counsel sent Defendants' counsel a letter in which she threatened to file a motion for contempt unless Defendant Dallas County paid Plaintiff $1,235.00 for expenses incurred as a result of Defendants' failure to attend the mediation. Specifically, Plaintiff demanded that Defendant Dallas County pay Plaintiff's portion of the mediation fee ($750.00),

Plaintiff's lost wages ($110), and attorney's fees ($375.00 for 2.5 hours at the hourly billing rate of $150.00). Plaintiff's counsel also asked whether Defendants would have a representative with settlement authority at the February 17 mediation "so that we can mediate in good faith." And Plaintiff's counsel presented a settlement demand. *See* Dkt. No. 40-4 at 2. Defendants' counsel responded "file your motion for contempt," which Defendants opposed. *See* Dkt. No. 40-5.

Plaintiff filed his Sanctions Motion on February 16, 2017. *See* Dkt. No. 40. Plaintiff argues that "Defendants failed to attend a scheduled mediation with no justification other than their counsel claimed to be unaware of the mediation date." *Id.* at 4. Plaintiff also argues that Defendants' objections to the Sanctions Motion should be waived because Defendants' counsel was informed of the date of the mediation. *See id.* Plaintiff seeks sanctions under Federal Rule of Civil Procedure 16(f)(1)(C) for Defendants' failure to obey a scheduling order. Plaintiff requests an order requiring Defendants to pay Plaintiff's reasonable expenses for preparing the Sanctions Motion, including attorney fees, in the amount of $300; requiring Defendants to pay the mediation fee, attorneys' fees, and lost wages incurred as a result of Defendants' failure to attend the February 15, 2017 mediation in the amount of $1,235.00; prohibiting Defendants from seeking to delay mediation in an attempt to allow more time to prepare dispositive motions; prohibiting Defendants from submitting any dispositive motions that were not on file at the time the Sanctions Motion was filed; rendering of a default judgment against Defendants; and holding Defendants in contempt of court.

*See id.* at 3-4.

Defendants' counsel sent Ms. Fragnoli a letter on February 16, 2017, explaining that Dallas County would not have "an executive officer ... with 'active' authority to negotiate a settlement" at the February 17 mediation:

> The County can act only through the Commissioner's Court and settlement actions by that Court require formal briefing and approval in executive session.
>
> No one individual can "negotiate" a settlement for the County, unless the Commissioner's Court has given prior approval of a specific settlement offer.
>
> Given that I was just reminded of the mediation yesterday afternoon, there will [be] no one at the mediation who will come with a specific settlement offer from the County. I have received Plaintiff's settlement demand and I will take that to the Commissioners Court at the next available meeting or if Plaintiff has a different offer following mediation tomorrow I will take that to the Commissioners instead.
> ...
> **<u>I just do not know any other way to handle this situation unless it is to ask the Court to allow the parties to reschedule the mediation next time you are in town, with me filing the motion and accepting all responsibility.</u>**

Dkt. No. 40-7 (emphasis in original).

According to Defendants' counsel, a draft motion for extension of time was circulated to Plaintiff's counsel, who opposed the motion, and to the mediator, who urged the parties to appear at mediation on February 17 rather than postponing the mediation. *See* Dkt. No. 47 at 3. The mediator understood that governmental entities such as the County could not appear at mediation with a representative with full and active authority to settle the litigation and bind the County and that the County may only approve a settlement by consideration of the matter by placement on its bi-weekly

agenda for review by the members of the Commissioners Court in Executive Session. *See id.* Accordingly, the motion for extension of time was not filed. *See id.* at 3-4.

The mediation was conducted on February 17, 2017. Chief Flores appeared in person in his individual capacity and as a representative of the County. Defendants received Plaintiff's settlement offer and represented that the offer would be presented to the Commissioner's Court on March 7. *See id.* at 4.

Plaintiff filed a supplement to the Sanctions Motion on February 20, 2017. *See* Dkt. No. 43. Plaintiff asserted additional arguments to support the claim for sanctions based on Defendants' failure to have a representative with settlement authority present at the mediation, despite Defendants' counsel's letter to the mediator explaining why Defendants' could not comply with this requirement. *See id.*

Defendants presented Plaintiff's settlement offer to the Commissioner's Court on March 7, 2017, and it was rejected in its entirety. *See* Dkt. No. 47 at 4.

The mediator submitted an Alternative Dispute Resolution Summary on March 8, 2017, stating that the parties were unable to reach a settlement and that her total fee was $1,500.00. *See* Dkt. No. 46.

Defendants filed a response to the Sanctions Motion on March 9, 2017. *See* Dkt. No. 47. Defendants' counsel acknowledges receiving an email notification from Burdin Mediation confirming that the parties had agreed to February 15, 2017 as the mediation date, which indicated that a notice scheduling the mediation and an invoice would be forthcoming, but Defendants' counsel did not receive a written notice or

invoice. Defendants' counsel also acknowledges receiving the mediator's January 24, 2017 letter to confirm if the February 15, 2017 date was still workable. And Defendants' counsel admits that she made a mistake by failing to calendar the February 15, 2017 mediation date. When the mediator contacted her on February 15, 2017, Defendants' counsel "admitted that she had made a serious mistake and did not have the mediation on her calendar." *Id.* at 2.

According to Defendants' counsel, she also tried to rectify her mistakes by preparing a motion to extend time for mediation until May 2017 when the mediator would next be in Dallas and available for mediation. The purpose of the motion to was allow time for Defendants to arrange for a County representative to attend mediation, for Chief Flores to arrange his schedule to personally attend mediation, and to approach the County Commissioner's Court about what settlement offer, if any, it might want to make. "The intent was to make sure the Defendants would be in literal and full compliance with the Court's mediation order." *Id.* at 3 (emphasis omitted).

Plaintiff's counsel opposed the motion to extend, and the mediator urged the parties to appear at mediation on February 17 instead of postponing the mediation. The mediator agreed that Chief Flores could appear by telephone, and she understood that governmental entities such as the County could not appear at mediation with a representative with full and active authority to settle the litigation and bind the County. Accordingly, Defendants' counsel did not file the motion for extension and proceeded to mediation on February 17, 2017. Chief Flores also changed his schedule on short notice and attended the mediation in his individual capacity and as a County

representative.

Defendants argue that sanctions are not warranted because Defendants did not blatantly or intentionally ignore the Court's orders. The failure to attend the February 15, 2017 mediation was the result of their counsel's mistake, and the mediation was conducted two days later. Defendants further argue that the final outcome of the attempt to settle the case was not changed by the lack of full compliance with the Court's orders because the Commissioner's Court rejected Plaintiff's settlement demand. "The aims of the Court's mediation order were met, even if there was technically non-compliance." *Id.* at 7.

Plaintiff filed a reply on March 21, 2017. *See* Dkt. No. 48. Plaintiff's counsel attaches a pre-litigation demand letter. *See* Dkt. No. 48-1. Plaintiff also claims that the offer of settlement that Defendant presented to the Commissioner's Court on March 7, 2017 was not Plaintiff's offer but instead was the mediator's proposal for settlement. And Plaintiff argues that "Chief Flores and his counsel were very clear at the mediation that they had shown up but were not there to mediate." According to Plaintiff's counsel, the parties did not participate in "true settlement discussions" and "Defendants wasted Plaintiff's time and money for the second time in a week." *Id.* at 2.

**Legal Standards**

Federal Rule of Civil Procedure 16(f)(1)(C) provides that, "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Under Federal Rule of

Civil Procedure 16(f), the Court may issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a scheduling or other pretrial order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A) provides, in pertinent part, the Court may enter as sanctions "just orders ... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2).

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). When considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir.2012). Rule 16(f)(2) further provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule." FED. R. CIV.

P. 16(f). But the Court will not award fees and expenses under Rule 16(f) if the failure or noncompliance "was substantially justified or other circumstances make an award of expenses unjust." *Id.*

In deciding whether a sanction is merited, the Court need not find that the party acted willfully, intentionally, or in bad faith. *See Lucas Automotive Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *Martin Fam. Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999) (collecting cases); 6A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1531 (3d ed. 2012). The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule 16(f)'s text itself makes this clear. Rule 16(f) also does not require a showing of prejudice to justify sanctions. *See John v. Louisiana*, 899 F.2d 1441, 1448 (5th Cir. 1990). But, under Rule 16(f), the extreme sanction of a default judgment requires "a clear record of delay or contumacious conduct by the" party to be sanctioned. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir.1997).

## Analysis

It is undisputed that Defendants failed to obey the Mediation Order [Dkt. No. 20] by failing to appear for mediation on February 15, 2017. And Defendants' counsel admits that Defendants failed to attend mediation on February 15, 2017 because she mistakenly failed to record the mediation date on her calendar. Defendants' counsel appears to have acted in good faith and appropriately when working to remedy or mitigate the situation as best she could.

But the Court cannot find that the cost of Defendants' counsel's failure to calendar the mediation date should be borne by Plaintiff. Even accepting Defendants' contention that this was an innocent mistake, Defendants' failure to appear for a scheduled mediation on February 15, 2017, had real economic consequences for Plaintiff, and the Court finds that, as between Plaintiff and Defendants, it would be unjust for Plaintiff or his counsel to bear the expenses cause by Defendants' failure to appear on February 15, 2017.

Under all the circumstances, the Court finds that, under Rule 16(f)(2), Defendants' counsel should be required to pay Plaintiff the reasonable expenses, including attorney's fees, caused by Defendants' failure to appear for mediation on February 15, 2017. Those expenses are limited to Plaintiff's lost wages for missing work to attend the mediation on February 15, 2017; attorneys' fees incurred to attend the mediation on February 15, 2017; and expenses, including attorney's fees, to prepare the Motion for Sanctions for Violation of Mediation Order [Dkt. No. 40]. Plaintiff's portion of the mediator's fee is not included in the sanctions award because the mediation was conducted on February 17, 2017, and the mediator's Alternative Dispute Resolution Summary does not include any extra costs as a result of Defendants' failure to appear on February 15, 2017.

The mediation went forward on February 17, 2017, Chief Flores attended, and the record does not support a finding that Defendants otherwise failed to have an officer with authority to negotiate a settlement present. Plaintiff's dissatisfaction with the results of that mediation and of the Commissioner's Court's decision on a

settlement proposal do not, under all the circumstances presented and on the factual record here, support a finding that Defendants further violated the Court's Mediation Order [Dkt. No. 20] or warrant any further sanctions or findings of contempt under Rule 16(f) or 28 U.S.C. § 636(e).

Plaintiff may file an application for his reasonable expenses as described above. But Northern District of Texas Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. Plaintiff's counsel and Defendants' counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees and costs to be awarded under Federal Rule of Civil Procedure 16(d)(2). This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed will be subject to sanctions. By no later than **June 30**, **2017**, the parties must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of reasonable expenses to be awarded to Plaintiff have been resolved, Plaintiff must also, by **June 30, 2017**, send an agreed proposed order to the Court at [Horan_Orders@txnd.uscourts.gov](Horan_Orders@txnd.uscourts.gov).

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded to Plaintiff, Plaintiff may, by no later than **July 7, 2017**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the attorneys' fees and costs (as described above) to be awarded under Rule 37(d). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and billing records, and

-12-

citations to relevant authorities and shall set forth the number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Defendants may file a response by **July 28, 2017**, and Plaintiff may file a reply by **August 11, 2017**.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Sanctions for Violation of Mediation Order [Dkt. No. 40].

SO ORDERED.

DATED: June 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE